# SUPREME COURT.

## In the Matter of Edward Pickett.

*Overseer of the poor — duty as .to rendering account of moneys received — willful neglect a misdemeanor — Mittimus — in whose name should be issued.*

The act of 1863 (*Laws of* 1863, *chapter* 172) making it the duty of an overseer of the poor, of a town, to render an account to the town officers of such town, of all moneys received and disbursed by him, prescribes "no punishment" for the "willful neglect" of the duty thereby enjoined. The "willful neglect" of such duty is therefore a misdemeanor and punishable as such (3 *R. S.* [*6th ed.*], *p.* 983, *sec.* 101).

The *mittimus* may be either in the name of the people or that of the justice awarding it, but the latter is the most usual.

The magistrate is authorized to commit by statute, and as *he* is clothed with power to do the act, and does do it, there can be no reason why he should be compelled to insert in the body of the commitment that he acts by the authority of the people.

*Albany Oyer and Terminer, May,* 1878.

*Mr. Hitt*, for Pickett.

*Messrs. Parker* and *Hun*, for People.

Westbrook, *J.*— Edward Pickett was, in default of bail, committed to the common jail of Albany county by John McDonough Esq., a police justice of the town of Watervliet in said county. The defendant had been arrested upon a complaint duly made to said magistrate which charged the said Pickett, who had been one of the overseers of the poor of said town of Watervliet, with having "willfully and corruptly, and with intent to violate and evade chapter 172 of

the Laws of 1863, " refused and neglected to render an account as overseer of the poor to the town officers of such town of all money received and disbursed by him by virtue of his office, as required in and by said act. The justice, upon an examination as prescribed by law, adjudged that the offense " had been committed, and that there is probable cause to believe the said Edward Pickett to be guilty thereof," and because he, " the said Edward Pickett, " did not offer " sufficient bail for his appearance at the next court having cognizance of such offense to answer therefor, " he was committed to jail as before mentioned.

The sheriff of Albany county returns the original warrant of commitment issued by and in the name of the police justice aforesaid as the ground of his detention. To this warant two objections are made : First, that it is not issued in the name of the people ; and, second, that the alleged offense charged in the commitment is not one in law.

The warrant is properly issued in the name of the magistrate. Barbour, in his treatise upon criminal law (*page* 569), says : " The *mittimus* may be either in the name of the people or that of the justice awarding it, but the latter is the most usual." For this assertion he cites a number of authorities. The proposition is also, in our judgment, very clear. The magistrate is authorized to commit by statute, and as *he* is clothed with power to do the act, and does do it, there can be no reason why he should be compelled to insert in the body of the commitment that he acts by the authority of the people, which is all that would be imported by the declaration were it made.

Neither is there force in the second objection. The Revised Statutes (3 *R. S.* [6*th ed.*], *p.* 983, *sec.* 101) declare : " When any duty is, or shall be enjoined by law upon any person holding any public trust or employment, any *willful* neglect to perform such duty, where no special provision shall have been made for the *punishment* of such delinquency, shall be a misdemeanor punishable as herein prescribed." Chapter

Matter of Pickett.

172 of the Laws of 1863, under which the proceedings against the defendant were taken, prescribes : " no punishment" for the " willful neglect " of the duty thereby enjoined.    Hence, it necessarily and clearly follows, that if the defendant has done what the warrant of commitment charges, he is guilty of a misdemeanor.    It is unnecessary to discuss the question, whether or not the old provisions of the Revised Statutes ( 2 *R. S.* [*6th ed.*], *p.* 821, *secs.* 70, 71 *and* 72) which require overseers of the poor to keep books and to lay their books, together with a just and true account of all moneys received and disbursed by them in their official capacity, before the town board of audit, and prescribing a penalty for not doing so, would subject the party offending thereunder to an indictment also. Our opinion is that it would, but that question will not be discussed.    The proceeding against Pickett was not under the Revised Statutes, but under the act of 1863.    Confessedly such latter statute prescribes neither " penalty " nor " punishment " for its violation, and hence by the plain provision of the one hereinbefore quoted, the willful neglect of duty prescribed by the laws of 1863, is a misdemeanor.

For the various reasons given, the writ of *habeas corpus* is dismissed and the prisoner remanded to the custody of the sheriff.